IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOME DESIGN SERVICES, INC.,
    Plaintiff,

v.                                                                            Case No. 3:08cv244/MCR/EMT

W. GARGAS CONSTRUCTION, INC., AND
WAGIH GARGAS,
    Defendants.
                                                   /

**O R D E R**

This cause is before the court upon Defendant W. Gargas Construction, Inc.'s Motion to Compel and for Sanctions (Doc. 41).  Before the court rules on this matter, Plaintiff shall have an opportunity to respond.[1]

---

[1] Prior to responding, Plaintiff should carefully consider the following observations.  First, with regard to Plaintiff's answers to Defendant W. Gargas Construction, Inc.'s interrogatories, Plaintiff is advised that the court frowns upon boilerplate objections to discovery, such as "vague, overbroad, and burdensome."  If Plaintiff has a sustainable legal reason for objecting, it should be stated clearly and succinctly.

Second, Plaintiff has responded to some discovery requests by objecting on various grounds, and then, "without waiving" the objections or "subject to" the objections, by providing answers.  If an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, Plaintiff should not expect the court to sustain the objection down the road.  This seems to be an increasingly common approach to discovery, but it raises a fairly straightforward question:  if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection?  I cannot logically conclude that the objection survives the answer.  Initially, the rules do not on their face give a party that option.  For example, Rule 33(b)(3), relating to interrogatories, states:  "Each interrogatory must, <u>to the extent it is not objected to</u>, be answered separately and fully in writing under oath" (emphasis added).  Similarly, Rule 34(b), relating to requests for production, provides that a responding party shall state in writing what documents will be produced, and that if objection is made, any documents not objected to will be produced.  Rule 36(a), relating to requests for admission, contains substantially the same language.  Thus, a responding party is given only two choices: to answer (fully or to the extent possible) or to object (to all or part of the request).  Objecting but answering subject to the objection is not one of the allowed choices.  Additionally, although the practice is common, the only reported decision that directly addresses the question is <u>Meese v. Eaton Mfg. Co.</u>, 35 F.R.D. 162, 166 (N.D. Ohio 1964), which held that "[w]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands."  S*ee also*, Wright, Miller & Marcus, Federal Practice and Procedure: Civil ' 2173: "A voluntary answer to an interrogatory is also a waiver of the objection."

Accordingly, it is **ORDERED**:

Plaintiff shall respond to Defendant W. Gargas Construction, Inc.'s motion on or before **WEDNESDAY, DECEMBER 17, 2008**.  Prior to responding, the parties shall fully review this court's "Order Concerning Discovery Disputes," which will be issued by separate order on today's date.[2]

**DONE AND ORDERED** this 10th day of December 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

Third, the court notes that at least one (1) of Plaintiff's supplemental interrogatory responses refers Defendant to other documents (*see, e.g.,* Doc 41, Ex. B at 3). For example, Plaintiff's response to interrogatory number three (3) from Defendant W. Gargas Construction, Inc.'s first set of interrogatories refers Defendant to copies of the house plans at issue (*id.*). This is not acceptable. Federal Rule of Civil Procedure 33(b)(3) requires that each interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Answers should be complete in and of themselves. Incorporation by reference to a separate document is not a responsive answer. *See* Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (noting general rule that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents) (citing 4 James Wm. Moore et al., Moore's Federal Practice (2d ed. 1989)).

Finally, although Plaintiff objects to several of Defendant W. Gargas Construction, Inc.'s interrogatories based upon work-product and attorney-client privilege, there is no indication that Plaintiff provided Defendant with a privilege log as required by the federal rules. Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires that:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i) expressly make the claim; and
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery. *See* Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, 230 F.R.D. 688, 695 (M.D. Fla. 2005). General or blanket claims of privilege are insufficient for a party to withhold materials under a claim of privilege. *Id.*

[2]The court notes that Defendant W. Gargas Construction, Inc., attached as an exhibit to Document 41 a letter sent via facsimile from its attorney, Jonathan T. Holloway, to Plaintiff's counsel, Kirt R. Postuhma, dated December 1, 2008 (Doc. 41, Ex. E). Defense counsel purportedly sent the letter to Plaintiff's counsel as a "good faith effort to avoid filing [the instant] Motion to Compel [] seeking sanctions" (Doc. 41, Ex. E at 1). Defense counsel is advised that <u>one facsimile</u> is not indicative of a "good faith" effort to resolve this matter without the court's intervention. The parties are advised to <u>personally meet</u> or to <u>confer telephonically</u>, as instructed in a separate order issued today, in an attempt to resolve the matters at issued in Defendant's motion.

Case No.: 3:08cv244/MCR/EMT