IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOME DESIGN SERVICES, INC.,
    Plaintiff,

v.                                             Case No. 3:08cv244/MCR/EMT

W. GARGAS CONSTRUCTION, INC., AND
WAGIH GARGAS,
    Defendants.
_____/

**ORDER CONCERNING DISCOVERY DISPUTES**

       A discovery dispute has been referred to the undersigned United States Magistrate Judge in the above-styled case.  In the court's experience, the great majority of discovery disputes arise out of (1) a failure to grasp, or a rejection of, the law, including procedural rules, or the facts, (2) lack of professionalism, (3) lack of civility, (4) refusal to extend common courtesy to a fellow professional (and therefore to the court), (5) bad faith on the part of one or both parties, or (6) a combination of the above.  <u>Indeed, it is **very rare** for this court to see a truly justiciable discovery issue requiring thoughtful consideration and resolution by the court</u>.  As the instant discovery dispute appears to be one of the great majority, counsel will be required to follow the procedure set forth below in an attempt to resolve the dispute.  In short, counsel is advised that before bringing a discovery dispute to the court, they must exhaust every possibility of resolution, and they may incur significant financial consequences if they do not prevail in their position.

       Accordingly, the parties are **ORDERED** to proceed as follows:

       1.     In an order issued the same date as this order, the non-moving party (i.e., Plaintiff) has been directed to respond to a discovery motion by a date certain (hereinafter referred to as the response date).  However, <u>prior to the response date</u>, the parties (i.e., lead counsel or attorneys with full authority to make decisions) shall be required to <u>personally meet</u> or to <u>confer telephonically</u> (i.e.,

no faxes, e-mails, or voice-mail messages back and forth) in a good-faith effort to resolve the dispute. <u>The parties are strongly urged to resolve this matter without further intervention of the court</u>.

  2. If the parties are able to <u>completely resolve</u> the issues raised in the discovery motion, on or before the response date the moving party shall file a notice with the court indicating that the matter has been resolved. If the matter is fully resolved, the court may or may not ask for briefs on the appropriateness of sanctions. If the parties are unable to completely resolve the dispute, the non-moving party shall file a response as directed by this court's separate order. The response shall indicate which issues, if any, were resolved during the intervening attorney conference. Any issue that remains in dispute will be decided by the court.

  3. If the court is required to resolve any part of the discovery matter, the prevailing party, who will be determined by the court, will be awarded costs and expenses, including, but not limited to: (1) the time required to personally confer with opposing counsel, (2) the time required to file its discovery motion or response, and, if necessary, prepare for, travel to, and attend any hearing on the motion, and (3) the actual costs incurred for court reporting, travel, sustenance and/or accommodations for a hearing on the motion (if applicable). The costs will be paid by the non-prevailing attorney and not charged to the client unless counsel provides written proof that the client insisted on proceeding in the discovery matter against counsel's advice.

  So **ORDERED** this <u>10th</u> day of December 2008.

          <u>/s/ *Elizabeth M. Timothy*</u>
          **ELIZABETH M. TIMOTHY**
          **UNITED STATES MAGISTRATE JUDGE**