IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

HOME DESIGN SERVICES, INC.,
    Plaintiff,

v.                                                               Case No. 3:08cv244/MCR/EMT

W. GARGAS CONSTRUCTION, INC., and
WAGIH GARGAS,
    Defendants.
                                           /

**O R D E R**

This copyright infringement action is before the court upon the "Motion to Strike Plaintiff's Notice of Taking a Second Deposition and For Protective Order Precluding Plaintiffs [sic] from Taking a Second Deposition Without Court Order" filed by Defendants W. Gargas Construction, Inc. ("Gargas Construction") and Wagih Gargas ("Gargas") (together, "Defendants") (Doc. 94). Also before the court is Plaintiff Home Design Services, Inc.'s "Motion to Compel the Rule 30(B)(6) Depositions of W. Gargas Construction, Inc.'s Corporate Representative(s), Motion to Compel Document Production and Response to Defendants' Motion to Strike (Dkt. # 94)" (Doc. 100), to which Defendants have responded (Doc. 104). For the reasons stated below, the court grants Defendants' motion to strike and for a protective order, and it denies Plaintiff's motion to compel.

I.    BACKGROUND

Plaintiff is a residential design firm engaged in the business of designing houses, and Defendants build houses. In its amended complaint Plaintiff alleges that Defendants made unauthorized use of its copyrighted houseplans (*see* amended complaint at Doc. 17). As relief for Defendants' alleged conduct, Plaintiff seeks preliminary injunctive relief, actual or statutory

damages, and attorney's costs and fees (*see* Doc. 17 at 3–4).

The district court entered an Initial Scheduling Order which directed the parties to complete discovery by November 13, 2008; in its Final Scheduling Order the court extended this date to December 31, 2008 (Docs. 7, 11). On December 11, 2008, Plaintiff deposed Gargas, the corporate representative of Gargas Construction. On April 22, 2009, the district court granted the parties' motion for continuance of trial and amendment of certain pretrial deadlines established in the Final Scheduling Order (Doc. 72). Among other matters, the district court reopened discovery and directed that all discovery must be completed by September 28, 2009 (Doc. 72). The parties have not sought, or obtained, either from the undersigned or the district court any additional enlargement of the discovery period, which therefore closed September 28, 2009.

On September 10, 2009, Plaintiff served Gargas Construction with notice that it would take the continued deposition of Gargas and Gargas Construction's corporate representative on September 24, 2009. Defendants filed their instant motion to strike the notice on Friday, September 18, 2009. The motion was routinely referred to the undersigned the following Monday, September 21, 2009. As directed by this court, on September 23, 2009, Plaintiff filed an expedited response to the motion; Plaintiff also included with its response a motion to compel Gargas' deposition. On September 23, 2009, the parties also filed a notice stating that, pending the court's ruling on their motions, they had agreed to postpone Gargas' scheduled September 24, 2009, deposition (Doc. 103). Defendants filed an expedited response to Plaintiff's motion at 4:59 p.m., on September 28, 2009. Both motions before the court therefore are now ripe for review.

In their motion Defendants submit that one month prior to his December 11, 2008, deposition, Gargas—through his counsel at the time—agreed to provide Plaintiff's counsel with copies of his entire construction file for the houses Plaintiff asserts Defendants built using Plaintiff's copyrighted houseplans. Gargas arranged for a copying service to make the copies but learned after he had delivered several boxes of documents to the copying service that Plaintiff's counsel had directed the service to send the boxes to their office. Gargas retrieved the boxes and took them to a different copying service, which copied the documents and sent them to Plaintiff's attorneys prior to the scheduled deposition. Gargas did not bring copies of the documents to the deposition, nor did Plaintiff's counsel bring all of their copies of Defendants' documents to the deposition. After the

district court extended the discovery period to September 28, 2009, Plaintiff requested that it be allowed to retake the deposition of Gargas, in his personal capacity and as the corporate representative of Gargas Construction, on the ground it did not have all of the documents it needed during the initial deposition. Defendants did not agree to the deposition, contending that all relevant documents had been provided to Plaintiff prior to the December 11, 2008, deposition. Defendants acknowledge, however, that some documents were located after the deposition and provided to Plaintiff. Nevertheless, according to Defendants, the later-provided documents were either full-sized sets of plans already in Plaintiff's possession or were insurance policies that do not require the further deposition of Gargas.

In its response to Defendants' motion and its own motion to compel, Plaintiff asserts that at the December 11, 2008, deposition Gargas was not prepared to testify on topics noticed for deposition and was unfamiliar with the documents produced during discovery, pointing to Gargas' deposition statements that he had not looked at the documents he had bound for production. Plaintiff also contends that no proper search was conducted to produce the specific documents responsive to the documents request. In fact, Plaintiff submits, Defendants produced hundreds of documents—from twelve different construction jobs—that are unrelated to the plans at issue or the houses it alleges Defendants built from those plans. Since the deposition, Plaintiff asserts, it has repeatedly requested those documents, as well as others relevant to its documents request, and sought to coordinate Gargas' continued deposition, but Defendants have either delayed or refused to cooperate. Plaintiff denies that it seeks a continued deposition of Gargas simply based on late document production and copying problems or on its counsel's failure to adequately review the documents prior to the deposition. According to Plaintiff, Defendants recently produced—albeit ten days late—three additional boxes of documents in response to subpoenas delivered to Defendants' expert witnesses; these documents, which include six sets of full-sized blue prints and materials from outside designers, plan books, construction documents, notes, and cost papers—indicate to Plaintiff that Defendants have not complied with its previous discovery requests. Plaintiff also notes that Defendants' current counsel advised that he had no record of what documents had been produced by prior counsel and could not confirm that all responsive documents had previously been provided. Plaintiff contends that because Gargas was unprepared to testify at the December 11, 2008,

deposition and was not familiar with the documents produced (and because Defendants failed to timely produce all requested documents), as provided by Fed. R. Civ. P. 30(d)(1) the court must allow them to examine Gargas further in a continued deposition. They further ask the court to compel Defendants to produce immediately (or deny the existence of) all documents responsive to their discovery requests. Plaintiff also seeks sanctions for Defendants' alleged refusal to provide a knowledgeable and prepared Rule 30(b)(6) representative and to provide the requested documents.

Responding to Plaintiff's motion, Defendants maintain that Gargas was well prepared for the December 11, 2008, deposition and that Plaintiff has been given <u>all</u> relevant documents in their possession.[1] In support, they point to excerpts of Gargas' deposition testimony, copies of emails between opposing counsel, and the affidavit of Jonathan Holloway ("Holloway"), Defendants' counsel at the time the December 2008 deposition was taken. Defendants further assert, in the alternative, that sanctions are improper because Gargas has not willfully or egregiously violated any rules of discovery.

II.  DISCUSSION

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

Fed. R. Civ. P. 30(b)(6).

Additionally, Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the

---

[1] Defendants state that Gargas recently located an additional document responsive to the request for production of documents, the closing documents for one of his properties. The document is attached as an exhibit to Defendants' response.

Case No.  3:08cv244/MCR/EMT

deponent, another person, or any other circumstance impedes or delays the examination."[2]  Rule 30(d)(1) thus establishes the presumptive duration of a deposition and requires courts to order that a deposition exceed that length under certain circumstances.  The Advisory Committee Notes state that "[t]he party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order."  Good cause for permitting an extension may include the failure to produce requested information.  *See* Fed. R. Civ. P. 30(d) Advisory Committee's Note (2000 Amendment).

In this case, it is undisputed that Gargas' December 11, 2008, deposition was concluded by Plaintiffs after approximately three and one-half hours, well within the seven hour time limit provided in Rule 30(d)(1).  It also appears to be undisputed that Plaintiff did not request a continuation of the deposition at the time it was concluded (*see* Doc. 104-4, ¶¶ 11, 13).  The question before the court is whether to permit a second deposition of Gargas at this time.  Based on the evidence presented, the court concludes that Plaintiff has not shown good cause for a second deposition.

First, Gargas testified at his December 11, 2008, deposition that he had provided Plaintiff with all of the documents in his possession pertaining to all of the houses he had built (Doc. 104-6 at 6).  Also, Holloway states in his affidavit that he determined that in its requests for production Plaintiff was seeking the construction file of every house Gargas had built and therefore the files for all twelve houses completed by Gargas were provided (Doc. 104-4, ¶ 5).  The court is satisfied that, with minor exceptions,  Defendants timely produced all of the relevant documents in their possession sought by Plaintiff.  To the extent Defendants may have untimely produced some blue prints, the court accepts that the plans had been originally obtained from Plaintiff and thus need not have been produced.  Furthermore, based on the court's understanding of the liability issues at stake,

---

[2] The factors in Rule 26(b)(2) that may be considered are:
(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

and the relative unimportance of any inadvertently late-produced insurance policies or property closing documents to resolving those issues, the court concludes that the further deposition of Gargas—and its associated inconvenience and expense—is not warranted at this time. *See* Fed. R. Civ. P. 26(b)(2)(C). If necessary, these documents can be authenticated by Gargas' affidavit prior to the submission of any dispositive motions.[3] To the extent the documents are relevant to ascertaining Plaintiff's alleged damages, should Defendants' liability be determined, additional discovery at a later date may be appropriate.

The court further concludes, based on the evidence provided to it and taking into consideration the limited time the parties have afforded it to resolve this dispute, that Gargas was adequately prepared to respond to the noticed topics at his December 11, 2008, deposition. In its response/motion Plaintiff does not identify the specific noticed topics as to which it contends Gargas was not adequately prepared to testify. Defendants, however, point to several topics which they say were discussed in emails between counsel (*see* Doc. 104 at 2–6).[4] The transcript excerpts before the court reflect that Gargas testified he had never heard of Home Design Services and had never seen its plans prior to the filing of this lawsuit (Doc. 104-3 at 1). Accordingly, the court concludes that

---

[3] As noted above, discovery closed on September 28, 2009. To the extent the court's permission is required to obtain Gargas' affidavit authenticating these documents, it is given.

[4] The topics noted by Defendants, which are taken from Plaintiff's notice of the December 11, 2008, deposition (Doc. 100-2 at 1–6) include:
Topic 4: Access to or receipt of any house plan or advertisement from Home Design Services, Inc.;
Topic 5: The number of homes constructed based upon the plans listed in Paragraph No. 1; their physical location; any profits and gross revenues derived from the sale of these homes; expenses for the homes constructed based on the plan referenced in Paragraph No. 1;
Topic 6: Any advertising and/or marketing of the Defendant's plans and/or homes constructed based on any plan referenced in Paragraph No. 1;
Topic 8: W. Gargas Construction, Inc.'s license, business dealings and/or contractual relationships with any other person or entity, regarding the creations, modification or use any of the plan[s] listed in Paragraph No. 1;
Topic 9: The basis and detail for any defenses raised by you in this lawsuit;
Topic 10: The existence and whereabouts of any development documents relating to the origin or creation of [ ]any plan referenced Paragraph No. 1;
Topic 12: Information regarding the involvement of any third-party in the creation or modification of any plan referenced in Paragraph No. 1;
Topic 14: Discovery compliance;
Topic 15: Answers to interrogatories;
Topic 16: Production of requested documents; and
Topic 17: Substantial similarity.

Case No. 3:08cv244/MCR/EMT

Gargas' testimony as to Topics 4, 5,6, 8, 9, 10, and 12 was adequate. Gargas' testimony as to Topics 14–17 was likewise adequate. Gargas was the only officer or employee of Gargas Construction who could testify about discovery compliance, answers to interrogatories, production of requested documents, and "substantial similarity." Although Gargas was not sure of the specific documents he had produced, due to their number, he testified that he provided for copying all of the construction documents he had (*see* Doc. 104-6). He also testified that he found no substantial similarities between the parties' houseplans (*see* Doc. 104-5). Furthermore, in his affidavit Holloway states that he spent several hours in person preparing Gargas for his deposition (Doc. 104-4 at 3).

In summary, the court concludes that Defendants' "Motion to Strike Plaintiff's Notice of Taking a Second Deposition and For Protective Order Precluding Plaintiffs [sic] from Taking a Second Deposition Without Court Order" should be granted and that Plaintiff's "Motion to Compel the Rule 30(B)(6) Depositions of W. Gargas Construction, Inc.'s Corporate Representative(s) [and] Motion to Compel Document Production . . ." should be denied. The parties shall bear their own costs.

Accordingly, it is **ORDERED**:

1. Defendants' "Motion to Strike Plaintiff's Notice of Taking a Second Deposition and For Protective Order Precluding Plaintiffs [sic] from Taking a Second Deposition Without Court Order" (Doc. 94) is **GRANTED**. Plaintiff may not take the second deposition of Wagih Gargas, either in his individual capacity or as the corporate representative of W. Gargas Construction, Inc.

2. Plaintiff's "Motion to Compel the Rule 30(B)(6) Depositions of W. Gargas Construction, Inc.'s Corporate Representative(s) [and] Motion to Compel Document Production . . ." (Doc. 100) is **DENIED**.

**DONE AND ORDERED** this 1st day of October 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**